USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/30/08

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------x

UNITED STATES OF AMERICA,

     -against-                              04 Cr. 251 (KMW)

                                                 ORDER
JOSE SUAREZ,

               Defendant.
---------------------------------x
```

WOOD, U.S.D.J.:

Defendant Jose Suarez contends that he should not be sentenced to an additional five-year consecutive term of imprisonment pursuant to 18 U.S.C. § 924(c)(1)(A) because he falls within the "exception clause" of that section. The defendant's argument is without merit.

I. Background

On August 23, 2007, the defendant pled guilty to Counts One, Two, and Three of Indictment S12 04 CR 251(KMW)(the "Indictment"). Count One charges the defendant with conspiracy to distribute and possess with intent to distribute heroin. Count Two charges the defendant with distribution and possession with intent to distribute heroin. Count Three charges the defendant with possession of a firearm during and in relation to a drug trafficking crime. Counts One and Two of the Indictment each carry a mandatory minimum sentence of ten years of imprisonment. See 21 U.S.C. § 841(b)(1)(A). Count Three carries

a mandatory minimum sentence of five years of imprisonment, which must run consecutive to any other sentence. <u>See</u> 18 U.S.C. § 924(c)(1)(A).

In a sentencing submission dated March 26, 2008 ("Def.'s Submission"), the defendant argues that he should not be subject to the mandatory five-year consecutive term of imprisonment for Count Three because he falls under the "exception clause" of 18 U.S.C. § 924(c)(1)(A). Section 924(c)(1)(A) was added in 1998 as an amendment to the statute, and provides:

> Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime. . .for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of such a crime, possesses a firearm, shall in addition to the punishment provided for such a crime of violence or drug trafficking crime--
>
> (i) be sentenced to a term of imprisonment of not less than 5 years.

18 U.S.C. § 924(c)(1)(A). The defendant argues that he falls under the "exception clause" because the ten-year mandatory minimum for Counts One and Two is greater than the five-year mandatory minimum for Count Three. The defendant submits that "[t]his interpretation of the clause is that embraced by the District Court, but overturned by the Eighth Circuit Court of Appeals in <u>United States v. Alaniz</u>, 235 F.3d 386 (2000)." *(Def. Submission* 2 n.1) Defendant argues that this interpretation is clearly discerned from the plain language of the statute.

II. Discussion

The amendment refers only to a "greater minimum sentence" for the various types of firearm-related conduct proscribed in Section 924(c)(1). United States v. Alaniz, 235 F.3d 386 (8th Cir.2000). "Prior to the 1998 amendment, the clear object of § 924(c) was to enhance sentences for certain predicate crimes with an additional consecutive sentence if commission of the predicate crime involved a firearm." Id. at 387. In 1998, the statute's organizational structure changed. "Prior to 1998, all possible sentence lengths for the different types of firearm-related conduct proscribed by the statute were found within an undivided subsection. . .[a]fter the 1998 amendment, the various sentence lengths in the statute are no longer set forth within an undivided subsection." Id. at 388. The Alaniz court found that the phrase "any other provision of law" referred only to other firearm-related conduct that had been taken out of subdivision (c)(1)(A) in 1998 and moved to other subdivisions within the statute.

Defendant's interpretation of the statute, like the district court's interpretation in Alaniz, fails to give the statute a sensible construction:

> That construction would punish those guilty of severe offenses more leniently, and those guilty of less severe offenses more stringently, an illogical result. The most serious drug crimes and crimes of violence (those already carrying mandatory minimum sentences) would not be enhanced by a consecutive firearm sentence despite the fact that a gun was involved. Meanwhile, less serious crimes (to which no minimum mandatory sentences would apply) would be enhanced by a

consecutive firearm sentence when committed with a gun. Id. at 389.

As noted by the Alaniz court, the Congressional comments about the 1998 amendment indicate that the statute's original purpose was to enhance all sentences for underlying drug crimes or crimes of violence when committed with a firearm. "Those are enhancements on top of [any] underlying sentence for a crime that is committed with a gun." 144 Cong. Rec. H10330 (daily ed. Oct. 9, 1998) (statement of Rep. McCollum).

Conclusion

For the reasons stated above, the defendant's argument is without merit. The Court must impose the mandatory minimum sentence of five years of imprisonment for Count 3, consecutive to any other sentence imposed, as required by 18 U.S.C. § 924(c)(1)(A).

Dated:   New York, New York
         ~~June~~ May 30, 2008

_____
Kimba M. Wood
United States District Judge